UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TRON ROBINSON,

                Petitioner,

v.

MIKE BROWN,

                Respondent.

_____/

Case No. 1:20-cv-878

Honorable Hala Y. Jarbou

### REPORT AND RECOMMENDATION

Petitioner Tron Robinson is incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility (KCF) in Kincheloe, Michigan.  On September 4, 2020,[1] Petitioner filed his habeas corpus petition raising four grounds for relief, as follows:

    I.      Defense counsel was ineffective for failing to challenge a bias[ed] juror.

    II.     Defense counsel was ineffective in failing to stipulate to an undisclosed felony conviction.

    III.    Defense counsel was ineffective for failing to move for [a] mistrial.

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  And the date the prisoner signs the document is deemed the date he handed it over to prison authorities.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).  Unfortunately, Petitioner does not identify the date he signed the habeas petition or the date he provided it to prison officials for mailing.  The Court received the petition on September 8, 2020.  The envelope containing the petition is postmarked September 4, 2020.  The postmark provides the latest possible date Petitioner could have handed the petition to prison authorities for mailing.  Despite Respondent's challenge to the timeliness of the petition, Petitioner has not offered any earlier date.  Accordingly, for purposes of this report and recommendation, I will deem September 4, 2020, to be the date the petition was filed.  For the reasons set forth below, however, precisely fixing the date of "filing" is not material to resolution of the claims raised in the petition.

IV.    [The] trial court violated [Petitioner's] due process rights . . . [by permitting] jurors to ask questions of witnesses during trial.

V.    Trial counsel failed to object to the constitutionally defective complaint and information brought by the state, and failed to object to the due process violation nature of the habitual offender enhancement of the sentence imposed against Petitioner.

(Pet., ECF No. 1, PageID.6–10, 16.)[2]

Respondent has moved to dismiss the petition as untimely.  (ECF No. 8.)  I find that the petition is untimely because more than one year passed after Petitioner's judgment became final, even taking into account statutory tolling for the time Petitioner's motion for collateral review was pending.  But I also recommend that the Court equitably toll the period of limitation such that the actual mailing of the petition on September 4, 2020, would be deemed timely.  Therefore, I recommend that Respondent's motion to dismiss the petition as untimely be denied.

Addressing the merits of the petition, upon review and applying the standards of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA), I find that the grounds are meritless.  Accordingly, I recommend that the petition be denied.

---

[2] Petitioner provides two lists of four habeas grounds, one in the body of the petition and one in an attachment.  The lists differ with respect to the fourth ground.  The fourth ground in the body of the petition addresses the due process implications of permitting jurors to ask questions of witnesses.  The fourth ground in the attachment addresses whether counsel rendered ineffective assistance because he failed to challenge the constitutional propriety of the complaint and information and the habitual offender enhancement.  The former "fourth ground" is identified as ground IV; the latter is identified as ground V.  There is some question as to whether Petitioner actually intended to raise ground IV in this petition.  He raised the claim initially on direct appeal. In his habeas brief, however, he suggests that the only claims he intended to carry over from his initial direct appeal to his habeas petition were the ineffective assistance of counsel claims.  (Pet'r's Br., ECF No. 2, PageID.72–73.)  After describing the ineffective assistance claims, Petitioner states: "Petitioner raised three other claims on direct appeal which are not the subject of this Petition as they were purely state law questions not cognizable on Habeas Corpus review."  (*Id.*)  Nonetheless, because the petition lists ground IV, the Court will address it.

## Discussion

### I.     Factual allegations

According to Petitioner, "the prosecution claimed to the jury that Mr. Robinson and an accomplice, Tiffany Plushnik, broke into the residence of Gregory Katz through a second story window, that Petitioner shot the complainant's dog, and that Mr. Robinson and this Accomplice stole a compound hunting bow."  (Pet'r's Br., ECF No. 2, PageID.72.)  Petitioner does not challenge the sufficiency of the evidence; thus a more detailed recitation of the facts is not necessary to address Petitioner's habeas grounds.

Following a two-day jury trial in the Calhoun County Circuit Court, Petitioner was convicted of first-degree home invasion, in violation of Mich. Comp. Laws § 750.110a(2); felon in possession of a firearm (felon-in-possession), in violation of Mich. Comp. Laws § 750.224f; killing an animal without just cause, in violation of Mich. Comp. Laws § 750.50b(2)(a); and possession of a firearm during the commission of a felony (felony firearm), in violation of Mich. Comp. Laws § 750.227b(1).  Petitioner was initially sentenced on October 22, 2012.  Then, following a remand from the Michigan Court of Appeals, he was resentenced on August 23, 2013. Finally, following a remand from the Michigan Supreme Court, Petitioner was sentenced one last time on February 1, 2016.  Ultimately, the court sentenced Petitioner to concurrent prison terms of 16 years, 8 months to 40 years for first-degree home invasion; 4 years, 9 months to 10 years for felon-in-possession; and 3 years, 7 months to 8 years for killing an animal without just cause.  The court also sentenced Petitioner to a consecutive sentence of 2 years for the felony-firearm conviction.

Petitioner made three complete trips through the Michigan appellate process after his resentencing on August 23, 2013.  The Michigan Court of Appeals rejected the challenges to his convictions—challenges that are presented here as habeas grounds I through IV—and a challenge

3

to his sentence based on *Alleyne v. United States*, 570 U.S. 99 (2013).  (Mich. Ct. App. Op., ECF No. 9-12, PageID.494–498.)  Thereafter, Petitioner filed an application for leave to appeal to the Michigan Supreme Court.  That court denied leave as to all issues except the *Alleyne* sentencing claim. (Mich. Order, ECF No. 9-13, PageID.784.)  With regard to that claim, the court reversed the sentence and remanded the case to the trial court for resentencing in light of the court's recent decision in *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015).  (*Id.*)

After Petitioner was resentenced the second time, he took another pass through the Michigan appellate courts.  Petitioner challenged the scoring of one offense variable, and he raised ineffective assistance of counsel claims, including the claims he raises here as habeas ground V. The court of appeals rejected Petitioner's sentencing guidelines scoring challenge and refused to consider his other claims because they were outside "the scope of the remand."  (Mich. Ct. App. Op., ECF No. 9-14, PageID.917.)  Petitioner again filed an application for leave to appeal to the Michigan Supreme Court.  That court denied leave by order entered January 3, 2018.  (Mich. Order, ECF No. 9-15, PageID.1034.)

Petitioner then filed his first petition in this Court.  *Robinson v. MacLaren*, No. 2:18-cv-203 (W.D. Mich.) (*Robinson I*) (Pet., ECF No. 1).  The Court dismissed the petition because present habeas ground V had not been exhausted in the state courts because Petitioner presented in a procedural context that rendered consideration on the merits unlikely.  *Robinson I* (Op., ECF No. 4.)  The Court advised Petitioner to return to the state trial court to file a motion for relief from judgment and, if that motion were denied, to pursue appeals through the Michigan Supreme Court.  *Robinson I* (*Id.*)  Because Petitioner still had more than 60 days remaining in his period of limitation, the Court declined to stay *Robinson I* pending Petitioner's exhaustion of the unexhausted claim.

4

Petitioner returned to the trial court and, on February 4, 2019, filed a motion for relief from judgment raising habeas ground V.  (Pet'r's Mot. for Relief from J., ECF 9-10.)  By order entered February 20, 2019, the trial court denied the motion because it was "found to be without merit." (Calhoun Cnty. Cir. Ct. Order, ECF No. 9-11, PageID.493.)  Petitioner sought leave to appeal that decision in the Michigan Court of Appeals and then the Michigan Supreme Court.  Those courts denied leave by orders entered September 24, 2019, and June 17, 2020, respectively.  (Mich. Ct. App. Order, ECF No. 9-16, PageID.1073; Mich. Order, ECF No. 9-17, PageID.1138.)

Petitioner then returned to this Court; but instead of filing a new habeas petition, he filed a motion to reopen *Robinson I*.  Because that petition had been dismissed, rather than stayed, the Court denied the motion to reopen and instructed Petitioner to file a new petition.  In his motion to reopen, Petitioner represented that he had filed his motion for relief from judgment on January 14, 2019.  *Robinson I* (Pet'r's Mot., ECF No. 7, PageID.106.)  Because the filing of the motion tolled the running of the period of limitation, 28 U.S.C. § 2244(d)(2), based on the filing date provided by Petitioner, the Court determined Petitioner's period of limitation would expire on September 5, 2020.  *Robinson I* (Order, ECF No. 9, PageID.111–112) ("Petitioner is advised, however, that based upon his description of the proceedings in the state court, . . . he must file his new petition on or before September 5, 2020.").

Petitioner misstated the date he filed his motion for relief from judgment.  In the present petition he represents—and the state court docket reflects—that the motion was filed on February 4, 2019.  Accordingly, the petition was not due on September 5, 2020, it was due three weeks earlier.  On that ground, Respondent has moved to dismiss the petition as untimely.

## II.    Habeas statute of limitations

The one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the AEDPA, provides:

5

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, Section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Petitioner appealed the eventual last judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on January 3, 2018.  Petitioner did not petition for certiorari to the United States Supreme Court.  The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired.  *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on April 3, 2018.

Petitioner had one year from April 3, 2018, until April 3, 2019, to file his habeas application. Petitioner filed his application, as best as the Court can tell, on or about September 4, 2020. Obviously, he filed more than one year after the period of limitations began to run. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner filed such a motion on February 4, 2019. At that time, there were 58 days remaining before the period of limitation would expire. The period remained tolled from February 4, 2019, until the Michigan Supreme Court denied Petitioner's application for leave to appeal on June 17, 2020. The period of limitations expired 58 days later, at the end of the day on August 14, 2020.[3]

The one-year limitations period applicable to Section 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g.*, *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show:

---

[3] Respondent, using the same dates, concludes that Petitioner had 59 days remaining when he filed his motion for relief from judgment. (Resp. Mot., ECF No. 8, PageID.136.) And, because that extra day would end the period of limitation on Saturday, August 15, 2020, would extend the period until the following Monday, August 17, 2020. (*Id.*) Even under that scenario, however, absent equitable tolling of the period, the petition would be untimely.

"'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner was permitted an opportunity to respond to Respondent's motion. Petitioner has not taken advantage of that opportunity. Thus, Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

Even though Petitioner has not invoked equitable tolling, the undersigned would be remiss to ignore the Court's warning in *Robinson I* that any subsequent petition would be untimely if filed after September 5, 2020, particularly when Petitioner filed—at the latest—on September 4, 2020. Certainly that date was prompted by Petitioner's misrepresentation of the date he filed his motion for relief from judgment. Thus, it is difficult to describe the Court's cautionary warning as an extraordinary circumstance that "prevented" Petitioner from timely filing. Nonetheless, it seems inequitable to penalize Petitioner for filing within that deadline. For that reason, the undersigned recommends that the Court equitably toll the period of limitation from July 31, 2020—the date the Court identified the September 5, 2020, deadline—to September 4, 2020—the latest possible date

Petitioner filed the petition.  If the period of limitation is so tolled, the petition is timely and Respondent's motion to dismiss is properly denied.[4]

### III.    AEDPA standard

If the Court equitably tolls the period of limitation as described above, and denies Respondent's motion to dismiss, the petition must instead be resolved on the merits under the standard set forth in the AEDPA.  The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693–94 (2002).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  "Under these rules, [a] state court's determination that a claim

---

[4] In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.  In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner.]'"  *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)).  Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence.  *Id.* at 399–400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him.  *Schlup*, 513 U.S. at 327, 329.  Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations on that ground.

lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)) (internal quotation marks omitted)).  This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d).  In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts.  *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002).  Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court.  *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011).  Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits.  *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts.  *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06).  "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664. "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–47 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "[I]f a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the underlying claim on its merits." *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"—for example,

if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721.  Then, the petitioner's claim is reviewed *de novo*.  *Id*. (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

### A.     Due process and juror questions

Petitioner contends he was denied the right to due process of law because the trial court permitted the jurors to ask questions of each witness.  The jurors, however, did not take great advantage of that opportunity.  Seven witnesses testified, but the jurors asked questions of only one witness, Battle Creek Police Department Officer Scott Marshall.  (Trial Tr. I, ECF No. 9-4, PageID.255, 259, 300–301, 306, 325, 354–356; Trial Tr. II, ECF No. 9-5, PageID.363.)  The questions they asked were hardly damaging to Petitioner's defense.  In response to the questions, Officer Marshall confirmed that only the accomplice's fingerprints were found at the scene and that no weapon was ever recovered.  (Trial Tr. I, ECF No. 9-4, PageID.354–356.)  Both responses were consistent with Petitioner's argument that the accomplice was the perpetrator, either alone or with someone other than Petitioner; she had entered a plea deal to avoid a long incarceration; and she implicated Petitioner because that was what the prosecutor wanted her to do.  (Trial Tr. II, ECF No. 9-5, PageID.373–375.)

As noted above, Petitioner does not address this claim in his brief.  In the state appellate courts, although he mentioned due process, he cited only state court authorities.  (Pet'r's Appeal Br., ECF No. 9-12, PageID.603–604.)  Moreover, only authorities from other states supported his position; he acknowledged that the Michigan Supreme Court permitted the practice.  (*Id.*, PageID.603 (citing *People v. Heard*, 200 N.W.2d 73 (Mich. 1972)).)  The court of appeals did not need to hear anything more than that.  The appellate court determined that Petitioner had failed to demonstrate any error; the trial court properly allowed the jurors to ask questions in light of the established authority of *Heard*.  (Mich. Ct. App. Op., ECF No. 9-12, PageID.497.)

To prevail on his claim, Petitioner must demonstrate that the court of appeals' resolution of the claim is contrary to, or an unreasonable application of, clearly established federal law.  He has not.  He cites no federal authority in support of his claim.  Moreover, he cannot.  As the Sixth Circuit has recognized, there is no Supreme Court decision holding that juror questioning violates the Sixth or Fourteenth Amendment.  *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006). Accordingly, Petitioner is not entitled to habeas relief on this claim.

### B.      Ineffective assistance of counsel

Petitioner's four remaining claims (habeas grounds I, II, III, and V) contend that his trial counsel rendered ineffective assistance.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel.  To establish a claim of ineffective assistance of counsel, the petitioner must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome.  *Id.* at 687.  A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy.  *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack).  The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance."  *Strickland*, 466 U.S. at 690.  Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment.  *Id.* at 691.

13

Moreover, when a federal court reviews a state court's application of *Strickland* under Section 2254(d), the deferential standard of *Strickland* is "doubly" deferential. *Harrington*, 562 U.S. at 105 (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)); *see also Burt v. Titlow*, 571 U.S. 12, 15 (2013); *Cullen*, 563 U.S. at 190; *Premo v. Moore*, 562 U.S. 115, 122 (2011). In those circumstances, the question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 123; *Jackson v. Houk*, 687 F.3d 723, 740–41 (6th Cir. 2012) (stating that the "Supreme Court has recently again underlined the difficulty of prevailing on a *Strickland* claim in the context of habeas and AEDPA . . . .") (citing *Harrington*, 562 U.S. at 102).

Petitioner argues at length that his ineffective assistance claims are not procedurally defaulted. (Pet'r's Br., ECF No. 2, PageID.77–83.) The Michigan Court of Appeals addressed the ineffective assistance claims raised in habeas grounds I, II, and III on the merits. (Mich. Ct. App. Op., ECF No. 9-12, PageID.495–497.) There is no indication that the appellate court concluded that consideration of the issues was barred by a procedural default.

Although the court of appeals initially refused to consider the ineffective assistance of counsel claim that Petitioner raises as habeas ground V (Mich. Ct. App. Op., ECF No. 9-14, PageID.917), the trial court, court of appeals, and supreme court considered the issue when it was properly raised by way of a motion for relief from judgment. (Calhoun Cnty. Cir. Ct. Order, ECF No. 9-11, PageID.493; Mich. Ct. App. Order, ECF No. 9-16, PageID.1073; Mich. Order, ECF No. 9-17, PageID.1138.) And the trial court made clear it addressed Petitioner's claims on the merits. (Calhoun Cnty. Cir. Ct. Order, ECF No. 9-11, PageID.493 ("[A]fter review the defendant's motion is found to be without merit.").) Accordingly, Petitioner's arguments regarding procedural default are inapposite.

### 1.    Counsel's failure to challenge a biased juror

Petitioner contends that a juror demonstrated bias during *voir dire* and that his counsel

rendered ineffective assistance when he failed to challenge the juror.   The Michigan Court of

Appeals disagreed:

> Defendant first argues that his trial counsel was ineffective for failing to challenge
> a juror for cause.  A defendant has a right to a fair and impartial jury.  *People v
> Budzyn*, 456 Mich 77, 88; 566 NW2d 229 (1997).  Jurors are presumed to be
> competent and impartial.  *People v Walker*, 162 Mich App 60, 63; 412 NW2d 244
> (1987).  Prospective jurors may be challenged for cause if they are biased against a
> party, demonstrate a state of mind or opinion that would prevent them from
> rendering a just verdict on the facts of the case, or have opinions that would
> improperly influence a trial verdict, among other reasons.  MCR 2.511(D); *People
> v Lee*, 212 Mich App 228, 249–251; 537 NW2d 233 (1995).  The decision whether
> to challenge a potentially biased juror during voir dire is a matter of trial strategy.
> *People v Unger*, 278 Mich App 210, 257–258; 749 NW2d 272 (2008).  In *Unger*,
> we recognized that:
>
>> [p]erhaps the most important criteria in selecting a jury include a
>> potential juror's facial expressions, body language, and manner of
>> answering questions.  However, as a reviewing court, we cannot see
>> the jurors or listen to their answers to voir dire questions.  For this
>> reason, this Court has been disinclined to find ineffective assistance
>> of counsel on the basis of an attorney's failure to challenge a juror.
>>
>> A lawyer's hunches, based on his observations, may be as valid as
>> any method of choosing a jury.  [*Id.* at 258 (citations and quotations
>> omitted).]
>
> In this case, the juror in question testified that his home was broken into in July
> 2012, that $2,000 to $3,000 worth of personal belongings had been stolen, and that
> the experience would affect his ability to be a fair juror "[a] little bit."  After the
> trial court asked the juror whether he could set aside the "little bit" of prejudice, the
> juror responded "I'll try."  Defendant argues that the juror's "equivocal" statement
> that he would "try" to set aside the "little bit" of bias demonstrated a state of mind
> or opinion that would prevent him from rendering a just verdict on the facts of this
> case.
>
> However, defendant's argument ignores the fact that after the juror said that he
> would try to set aside any bias, that he indicated that he understood that the break-
> in at his home was unrelated to this case, that he could abide by the fact that the
> break-in at his home was irrelevant to this case, and that he accepted that defendant
> was presumed innocent throughout the trial.   And, a juror's promise to keep
> personal matters separate from a defendant's case may be sufficient to protect the

defendant's right to a fair trial.  *People v Johnson*, 245 Mich App 243, 256; 631 NW2d 1 (2001).  Defendant fails to show that the juror's "little bit" of bias would have prevented him from rendering a just verdict on the facts of this case as required to successfully challenge the juror for cause.  MCR 2.511(D); *Lee*, 212 Mich App at 249–251.  Thus, defense counsel was not ineffective for deciding not to make a meritless challenge for cause in regard to the juror.  See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).  Additionally, contrary to defendant's assertion that defense counsel lacked any apparent trial strategy in retaining the challenged juror, a defense counsel may choose, as a sound trial strategy, to rely on a potentially biased juror's promises of objectivity based on the belief that the juror would subsequently work hard to be objective.  "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight."  *People v Rockey*, 237 Mich App 74, 76–77; 601 NW2d 887 (1999).  Defendant has failed to show that defense counsel's representation fell below an objective standard of reasonableness.  *Toma*, 462 Mich at 302.  Therefore, ineffective assistance of counsel has not been established.  *Id*.

(Mich. Ct. App. Op., ECF No. 9-12, PageID.495–496.)  The appellate court, therefore, rejected Petitioner's challenge on two independent grounds:  first, as a factual matter, Petitioner failed to demonstrate that the juror's *voir dire* responses demonstrated the juror would not be able to render a just verdict; and second, that whatever bias those responses indicated, the juror's promises to overcome that bias may have provided a strategic reason to leave the prospective juror on the jury.

On habeas review, Petitioner challenges both bases for the appellate court's decision.  First, Petitioner contends that the record does establish as a matter of fact that the juror was unable to render a just verdict.  Second, Petitioner contends that the court of appeals' determination fails because it did not depend on counsel's actual reason for not challenging the juror.[5]

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury. . . ."  U.S. Const. amend. VI.  The right

---

[5] According to Petitioner, his appellate counsel's paralegal spoke to trial counsel and, based on what was in counsel's file, counsel could not recall why he did not challenge the juror for cause. (May 21, 2013, Mem., ECF No. 9-12, PageID.509.)  Petitioner contends, therefore, because the strategic reason offered by the court of appeals was not counsel's actual reason for foregoing a challenge, Petitioner is entitled to relief.

to an impartial jury is applicable to the states via the Fourteenth Amendment.  *See Turner v. Louisiana*, 379 U.S. 466, 471–72 (1965); *Irvin v. Dowd*, 366 U.S. 717, 722 (1961).  Further, "due process alone has long demanded that, if a jury is to be provided the defendant, regardless of whether the Sixth Amendment requires it, the jury must stand impartial and indifferent to the extent commanded by the Sixth Amendment."  *Morgan v. Illinois*, 504 U.S. 719, 727 (1992) (citations omitted).  "The *voir dire* is designed "'to protect [this] right by exposing possible biases, both known and unknown, on the part of potential jurors."'"  *Dennis v. Mitchell*, 354 F.3d 511, 520 (6th Cir. 2003) (quoting *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554 (1984)).  When a juror's impartiality is called into question, the relevant issue is "'did [the] juror swear that he could set aside any opinion he might hold and decide the case on the evidence, and should the juror's protestation of impartiality be believed.'"  *Dennis*, 354 F.3d at 520 (quoting *Patton v. Yount*, 467 U.S. 1025, 1036 (1984)).

The question of bias of an individual juror at a state criminal trial is one of fact.  *Dennis,* 354 F.3d at 520 (citing *Patton,* 467 U.S. at 1036); *see also Sizemore v. Fletcher,* 921 F.2d 667, 672–73 (6th Cir. 1990) (citing *Smith v. Phillips*, 455 U.S. 209, 218 (1982)).  A state court decision based on a factual determination will not be overturned on factual grounds unless it was objectively unreasonable in light of the evidence presented in the state court proceeding and not simply erroneous or incorrect.  *Keith v. Mitchell,* 455 F.3d 662, 669 (6th Cir. 2006) (citing *Williams,* 529 U.S. at 409–11); *see also Young v. Hofbauer,* 52 F. App'x 234, 237 (6th Cir. 2002).  The state court's factual determination is entitled to a presumption of correctness, which is rebuttable only by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Petitioner has failed to offer any evidence, much less clear and convincing evidence, that the court of appeals' factual determination that the juror could render a fair verdict was

unreasonable.  The appellate court acknowledged the juror's expression that he might be a little bias—which is the only thing that Petitioner offers to support his claim.  But the court went on to consider the subsequent statements of the juror that showed the juror knew his own experience was irrelevant to determining Petitioner's guilt.  Even if this Court might weigh the evidence differently, it cannot be said that Petitioner has demonstrated that the court of appeals' weighing was unreasonable.  Accordingly, Petitioner's attack on the factual foundation of the state court's decision is without merit.

Petitioner's attack on the court of appeals' conclusion regarding a sound strategic reason to forego challenging the juror fares no better.  Petitioner essentially claims that neither this Court nor the state court of appeals could resolve the ineffective assistance of counsel claim without conducting an evidentiary hearing regarding counsel's actual motivation for not challenging the juror.  Petitioner is incorrect.

As noted above, the question before this Court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."  *Harrington*, 562 U.S. at 105. The "any reasonable argument" language from *Harrington* reflects the double deference owed.  The *Harrington* court described what the habeas court should consider and what it should not consider:

> When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Harrington*, 562 U.S. at 105.  In *Harrington*, the issue was whether counsel could have reasonably decided to ***not*** consult a blood expert.  The *Harrington* court did not evaluate counsel's decision based on the reasons offered by counsel.  Indeed, it does not appear that there was ever a hearing that disclosed counsel's motivation for his decision.  Instead, the *Harrington* court considered the

reasonableness of the decision in the abstract.[6]    That approach necessarily follows from *Strickland*'s requirement that, to overcome the presumption of regularity, the defendant must show that the challenged action ***cannot*** be considered sound trial strategy.  If the reviewing court can conceive of a sound strategy that includes the challenged action, the matter is resolved.

The Michigan Court of Appeals identified a strategic reason for the challenged action (or in this case inaction).  Petitioner has failed to show that the identified strategy is objectively unreasonable.  That ends the inquiry.

Petitioner has failed to show that the court of appeals' rejection of his ineffective assistance/juror bias claim is based on a factual determination that is unreasonable on the record. He has also failed to show that the appellate court's determination that counsel rendered effective assistance is contrary to, or an unreasonable application of, clearly established federal law. Accordingly, Petitioner is not entitled to habeas relief on this claim.

---

[6] *Harrington* reversed a Ninth Circuit *en banc* decision.  The *Harrington* court criticized the Ninth Circuit for limiting its inquiry to counsel's actual thinking:

> The Court of Appeals erred in dismissing strategic considerations like these as an inaccurate account of counsel's actual thinking.  Although courts may not indulge "post hoc rationalization" for counsel's decisionmaking that contradicts the available evidence of counsel's actions, *Wiggins, supra*, at 526–527, neither may they insist counsel confirm every aspect of the strategic basis for his or her actions. There is a "strong presumption" that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than "sheer neglect."  *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003) (per curiam).  After an adverse verdict at trial even the most experienced counsel may find it difficult to resist asking whether a different strategy might have been better, and, in the course of that reflection, to magnify their own responsibility for an unfavorable outcome.  *Strickland*, however, calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind.  466 U.S., at 688.

*Harrington*, 562 U.S. at 109–10.

## 2.    Ineffective assistance for stipulating to a concealed weapons conviction

Petitioner next complains that counsel rendered ineffective assistance when he stipulated to informing the jury of the precise nature of the felony conviction that supported Petitioner's felon-in-possession charge.  Petitioner would have preferred that counsel simply stipulate that Petitioner had committed an unspecified felony.  In support of his argument, Petitioner cites *Old Chief v. United States*, 519 U.S. 172 (1997).

In *Old Chief*, the prosecutor sought to introduce evidence regarding the nature of the felony underlying a felon-in possession charge—an assault causing serious bodily injury—when the defense wanted to simply stipulate to the element that the defendant had been convicted of an unspecified felony.  The trial court rejected the stipulation and admitted the record of the prior judgment.  That is what happened here.  The key difference, however, is that the underlying offense—carrying a concealed weapon—is not the same sort of potentially prejudice-inducing conviction that a violent assault might be.  In Petitioner's case, counsel faced potential juror speculation that the underlying felony was a violent one.  By introducing the record of the underlying conviction, counsel was foreclosing juror speculation that the felony was violent.

The court of appeals reached the same conclusion:

> The prosecutor was required to prove defendant had a previous felony conviction in this case.  Defendant correctly notes that instead of requiring the prosecutor to introduce evidence that a defendant committed a prior felony, a defendant may stipulate to the existence of a prior felony conviction.  See P*eople v Swint,* 225 Mich App 353, 377–379; 572 NW2d 666 (1997).  In this case, however, defense counsel did not merely stipulate that defendant had a prior felony conviction, but also stipulated to a certified copy of that conviction of carrying a concealed weapon.  Defendant argues that there was no valid trial strategy for defense counsel to specifically stipulate to the carrying a concealed weapon conviction when that conviction was so similar to his other weapons charges in this case.  We disagree.
>
> Defense counsel could reasonably have believed that, given the nature of the disturbing facts surrounding defendant's first-degree home invasion and unlawful killing of an animal charges, it was best for the jury to know that defendant's prior

conviction was for carrying a concealed weapon, rather than to risk the jury speculating that defendant may have had a more violent felony conviction. Because there was a valid trial strategy that could have supported defense counsel's stipulation, defendant fails to rebut the presumption that defense counsel's stipulation was a matter of trial strategy. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). We will not substitute our judgment for defense counsel's regarding this matter of trial strategy. *Rockey*, 237 Mich App at 76–77. Defendant fails to show that defense counsel's representation fell below an objective standard of reasonableness. *Toma*, 462 Mich at 302. Thus, defendant has not met his burden to show that counsel was ineffective.

(Mich. Ct. App. Op., ECF No. 9-12, PageID.496.)

The appellate court's conclusion is entirely consistent with *Old Chief*. Moreover, because *Old Chief* effectively identifies the strategic reason to prevent a jury from deciding a felon-in-possession charge based on an underlying violent felony, Petitioner has failed to show that the rejection of his claim is contrary to, or an unreasonable application of, *Strickland*, the clearly established federal law regarding ineffective assistance of counsel claims. Accordingly, Petitioner is not entitled to habeas relief on this claim.

### 3.    Ineffective assistance for not moving for a mistrial

The court of appeals analyzed Petitioner's next ineffective assistance claim as follows:

Defendant's final ineffective assistance of counsel claim concerns his codefendant's statement that defendant lied about loving her because he did not want her to talk to the police given that he had "four felonies and one more he was supposed to go back to prison." . . . Defendant . . . argues that defense counsel was ineffective for failing to move for a mistrial after his codefendant provided the statement at issue. "A mistrial should be granted only for an irregularity that is prejudicial to the rights of the defendant, and impairs his ability to get a fair trial." *People v Haywood*, 209 Mich App 217, 228; 530 NW2d 497 (1995) (citation omitted). Evidence of a prior conviction is prejudicial because of the danger that "a jury will misuse prior conviction evidence by focusing on the defendant's general bad character . . . ." *People v Allen*, 429 Mich 558, 569; 420 NW2d 499 (1988).

The record in this case reveals, however, that the codefendant's challenged statement was an unresponsive, volunteered answer to a proper rehabilitation question posed by the prosecutor. "[A]n unresponsive, volunteered answer to a proper question is not grounds for the granting of a mistrial," *Haywood*, 209 Mich App at 228, unless "the error complained of is so egregious that the prejudicial

effect can be removed in no other way," *People v Lumsden*, 168 Mich App 286,
299; 423 NW2d 645 (1988).   Here, any taint from the statement regarding
defendant's criminal history could have been removed by a curative instruction and,
therefore, no ground for a mistrial was presented.   See *id.*, (holding that any taint
from two witnesses' references to the defendant's other homicides could have been
removed by a cautionary instruction, even where the defendant was charged with
felony murder).   Defense counsel was not ineffective for not making a meritless
motion for a mistrial in this case.   *Ericksen*, 288 Mich App at 201.   Nor has
defendant shown prejudice from defense counsel's decision not to move for a
mistrial.  *Toma*, 462 Mich at 302–303.

(Mich. Ct. App. Op., ECF No. 9-12, PageID.497.)

Whether or not a mistrial is warranted is a matter of state law.[7]  *See, e.g., Hruby v. Wilson*,

494 F. App'x 514, 516–17 (6th Cir. 2012); *Barry v. Warren*, No. 19-1855, 2019 WL 7834652, at

*3 (6th Cir. Dec. 11, 2019).   The state appellate court's determination that there were no grounds

for a mistrial here as a matter of state law binds this Court.  *Wainwright v. Goode*, 464 U.S. 78, 84

(1983).   The Sixth Circuit repeatedly has recognized "'that a state court's interpretation of state

law, including one announced on direct appeal of the challenged conviction, binds a federal court

sitting in habeas corpus.'"  *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting

*Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)).

---

[7] Claiming that counsel failed because he did not seek a mistrial is not the same thing as claiming
that the accomplice's unsolicited testimony rendered Petitioner's trial unfair.   Petitioner has not
raised the latter claim—a due process claim—in his habeas petition.   Moreover, if he did, it would
not warrant relief.   There is no clearly established Supreme Court precedent that holds that a state
court violates the Due Process Clause by permitting propensity evidence in the form of other bad
acts evidence.   In *Estelle v. McGuire*, the Supreme Court declined to hold that the admission of
prior acts evidence violated due process.   *Estelle*, 502 U.S. at 75.   The Court stated in a footnote
that, because it need not reach the issue, it expressed no opinion as to whether a state law would
violate due process if it permitted the use of prior crimes evidence to show propensity to commit
a charged crime.   *Id.* at 75 n.5.   While the Supreme Court has addressed whether prior acts
testimony is permissible under the Federal Rules of Evidence, *see Old Chief*, 519 U.S. at 172;
*Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in
constitutional terms.   The Sixth Circuit has found that "[t]here is no clearly established Supreme
Court precedent which holds that a state violates due process by permitting propensity evidence in
the form of other bad acts evidence."  *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

Moreover, because this Court is bound by the determination that the accomplice's unsolicited testimony did not provide grounds for a mistrial, it follows that an ineffective assistance of counsel claim cannot be based on the failure to file such a motion.  "Omitting meritless arguments is neither professionally unreasonable nor prejudicial."  *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013).  Therefore, Petitioner has not demonstrated that the court of appeals' rejection of this ineffective assistance claim is contrary to, or an unreasonable application of, clearly established federal law.  Petitioner is not entitled to habeas relief on this claim.

### 4.  Counsel's failure to challenge the complaint/information or the habitual offender enhancement notice

Petitioner details his attacks on the complaint/information and the notice of the habitual offender enhancement in his *pro per* supplemental brief filed in his second appeal as of right. (Pet'r's *Pro Per* Suppl. Br., ECF No. 9-14, PageID.1000–1021.)  Petitioner contends that the documents failed to comply with Michigan's technical statutory requirements.  These claims are plainly state law claims.  Moreover, they are state law claims that were decided against Petitioner on the merits by the trial court when that court denied Petitioner's motion for relief from judgment. (Calhoun Cnty. Cir. Ct. Order, ECF No. 9-11, PageID.493.)   Those determinations—that Petitioner's challenge to his warrant or complaint or information lacks merit and his challenge to the notice regarding the habitual offender enhancement lacks merit—are binding on this Court. Because the state courts have ruled that the state-law challenges lack merit, counsel's failure to raise them is neither professionally unreasonable nor prejudicial.  *Coley*, 706 F.3d at 752. Accordingly, Petitioner has failed to demonstrate that the state court's rejection of this ineffective assistance claim is contrary to, or an unreasonable application of, clearly established federal law. Petitioner is not entitled to habeas relief.

23

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, I have examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that jurists of reason . . . could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

I find that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims would be debatable or wrong. Therefore, I recommend that the Court deny Petitioner a certificate of appealability.

Although I conclude that Petitioner has failed to demonstrate that he is in custody in violation of the constitution and has failed to make a substantial showing of a denial of a constitutional right, I would not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

24

**Recommended Disposition**

For the foregoing reasons, I recommend that the Court equitably toll the period of limitation for July 31, 2020, to September 4, 2020.  If the Court so tolls the period of limitation, Respondent's motion to dismiss (ECF No. 8) is properly denied.  If the Court concludes the period of limitation is not properly equitably tolled, the petition is untimely, Respondent's motion to dismiss should be granted, and the habeas corpus petition should be dismissed.

If the Court tolls the period of limitation such that the petition is timely, I recommend that the Court deny the petition as meritless.

Whether the Court dismisses the petition as untimely or denies the petition on the merits, I further recommend that a certificate of appealability be denied.  Finally, I recommend that the Court not certify that an appeal would not be taken in good faith.


Dated: October 25, 2021                           /s/ Sally J. Berens
                                                  SALLY J. BERENS
                                                  U.S. Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).